IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

**MARK AND KARLA GIBBS**                                          **PLAINTIFFS**

**V.**                          **4:10CV0293 JMM**

**PRIMELENDING, A PLAINS CAPITAL COMPANY, ET AL.**        **DEFENDANTS**

### CERTIFICATION ORDER

Now on this  2nd  day of December, 2010, pursuant to Rule 6-8 of the Rules of the Supreme Court of the State of Arkansas, this Court upon its own motion certifies to the Supreme Court of Arkansas a question of law that may be determinative of this case and as to which it appears there is no controlling precedent in the decisions of the Supreme Court of Arkansas.

I.

### QUESTION OF LAW TO BE ANSWERED

Whether the use of the conspiracy theory of *in personam* jurisdiction violates Arkansas Code Annotated § 16-4-101?[1]

II.

### ALLEGATIONS RELEVANT TO THE QUESTION

In January of 2009, Morgan Stanley contacted Plaintiffs with an offer to refinance their home.[2] At the time of the offer, Morgan Stanley was the financial advisor for Plaintiffs and C.

---

[1] Conspiracy jurisdiction is based upon the theory that personal jurisdiction is proper over an out-of-state defendant in a forum where one of his or her co-conspirators has acted as the defendant's agent in furtherance of the conspiracy.

[2] Plaintiffs had previously financed the purchase of their home by executing a $1,510,000.00 promissory note made payable to Morgan Stanley Credit Corporation ("Morgan

Ryan Hill, vice president of Morgan Stanley, was their personal financial advisor. Plaintiffs agreed to refinance their home with Morgan Stanley, but were re-directed by Hill to PrimeLending. Jeffery Brown, a PrimeLending employee, assisted Plaintiffs in their refinancing.

At the same time as Plaintiffs' refinancing, Defendants Hickson and Tueckes were employed by LandAmerica and Commonwealth to solicit title insurance business from PrimeLending. When LandAmerica and Commonwealth were unable to handle the title business flowing from PrimeLending, Hickson and Tueckes referred this overflow title business to eLender Services who always choose eLender Escrow as the escrow agent.

ELender Services or eLender Escrow would pay a kickback fee from this overflow business to a limited liability company formed, and owned, by Hickson and Tueckes. Hickson and Tueckes would, in turn, pay part of this fee to PrimeLending or its employees for being the source that originally contacted Hickson or Tueckes.

PrimeLending began Plaintiffs' refinancing process by contacting Hickson or Tueckes. Hickson or Tueckes referred them to eLender Services who used eLender Escrow as the escrow agent even though the State of California had previously revoked the authority of eLender Escrow to act as an escrow agent because it failed to properly file its financial statements.

To compensate for the lost license, Corinthian Title, eLender Services, Russell, Biszantz, and eLender Escrow developed a scheme which enabled eLender Escrow to continue to operate. In furtherance of this scheme, Corinthian Title conspired with eLender Services and eLender Escrow to allow Bryan Kelly, a Corinthian Title employee, to work on the premises of eLender Services and eLender Escrow. By allowing Kelly to work out of their offices, eLender Escrow

---

Stanley Note") and a mortgage on their home located in Pulaski County, Arkansas, to secure that note ("Morgan Stanley Mortgage").

could continue to state that it was a licensed escrow agent. Corinthian Title received some form of benefit from eLender Services or eLender Escrow in return for its participation in the scheme. Because of this scheme, eLender Escrow ultimately was able to serve as Plaintiffs' escrow agent.

On July 22, 2009, PrimeLending through its agent Brown mailed the "Mortgage Loan Origination Agreement" to Plaintiffs for execution. PrimeLending charged Plaintiffs $15,095.00 in fees. PrimeLending contacted Plaintiffs by telephone to set a closing location. Howard Wayne Harts, a Notary Public, handled the closing on August 11, 2009, at the business offices of Plaintiff Mark Gibbs which is located in Pulaski County. At closing, Plaintiffs executed a promissory note payable to US Bank for $1,200,000.00 ("US Bank Note") and a mortgage in favor of US Bank ("US Bank Mortgage") to secure the note. Funds from this loan and from Plaintiffs' private accounts were transferred to eLenders Services's bank account to be used by eLender Escrow to pay the Morgan Stanley Note and release the Morgan Stanley Mortgage. Unfortunately, the Morgan Stanley Note was not paid and it was discovered that Russell Biszantz, owner of eLender Escrow, had taken the money intended to pay off the note for his own use. As a result, Plaintiffs now have two mortgages encumbering their home and a total indebtedness of $2,702,089.17.

Plaintiffs have brought claims against (1) PrimeLending, Corinthian Title, Brown, Hickson, and Tueckes for violations of 12 U.S.C. § 2607(a)[3]; (2) PrimeLending and Corinthian Title for fraud; (3) PrimeLending, Corinthian Title, Brown, Hickson, and Tueckes for negligence, (4) PrimeLending and Corinthian Title for negligent training, retention and supervision; (5) PrimeLending, Corinthian Title, Brown, Hickson, and Tueckes for civil

---

[3] 12 U.S.C. § 2607(a), prohibits fees or kickbacks for referrals in connection with a real estate settlement service involving federal mortgage loans.

conspiracy; (6) PrimeLending, Corinthian Title, Brown, Hickson, and Tueckes for acting in concert; and (7) PrimeLending for breach of fiduciary duty.

Corinthian Title, Brown, Hickson, and Tueckes contend that this Court does not have *in personam* jurisdiction over them because Arkansas' long arm statute does not allow application of conspiracy jurisdiction.

## III.

## REFORMULATION OF THE QUESTION

The United States District Court hereby acknowledges that the Arkansas Supreme Court, acting as the receiving court, may reformulate the question presented.

## IV.

## COUNSEL OF RECORD AND PARTIES

Attorney for Plaintiffs, Mark and Karla Gibbs:

Donald K. Campbell, III
Almand, Orsi & Campbell LLP
10016 West Markham
Little Rock, AR 72205
501-219-8500


Attorney for Defendant, Shelley A. Hickson:

Stephen R. Lancaster
Wright, Lindsey & Jennings
200 West Capitol Avenue
Suite 2300
Little Rock, AR 72201-3699
501-212-1238

Attorney for Defendant, Amy Christine Tueckes:

Howard Gregory Campbell
Nichols & Campbell, P.A.
212 Center Street
Suite 700
Little Rock, AR 72201
501-372-5659

Attorneys for Defendant, Corinthian Title Company, Inc.

Matthew C. Carter
Warner, Smith & Harris
Post Office Box 1626
Fort Smith, AR 72902-1626
501-782-6041

Emily E. Reynolds
Robert A. Frazier
Warner, Smith & Harris
333 Pinnacle Hills Parkway
Suite 220
Rogers, AR 72758
479-271-6041

Attorney for Defendant, Jeffery H. Brown:
M. Stephen Bingham
Cross, Gunter, Witherspoon & Galchus, P.C. - Little Rock
Post Office Box 3178
Little Rock, AR 72203-3178
(501) 371-9999


The Clerk of this Court is hereby directed to forward this Order to the Supreme Court of

Arkansas under his official seal.

IT IS SO ORDERED.


_____
James M. Moody
United States District Judge