IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION


**MARK AND KARLA GIBBS**                                                                 **PLAINTIFFS**

**V.**                         **CASE NO. 4:10CV00293 JMM**

**PRIMELENDING, A PLAINS CAPITAL COMPANY, ET AL.**          **DEFENDANTS**

**U.S. BANK NATIONAL ASSOCIATION ND**                              **CROSS-CLAIMANT**

**V.**                         **CASE NO. 4:10CV00293 JMM**

**STEWART TITLE GUARANTY COMPANY, ET AL.**          **CROSS-DEFENDANTS**

**ORDER**

Pending before the Court is PrimeLending's Motion to Dismiss Cross Complaint. For the reason stated below, the motion is granted (#152).

I. Procedural History

On October 16, 2009, Cross-Claimant U.S. Bank ("U.S. Bank") filed suit against Defendants eLender Escrow Inc. ("Elender Escrow"), eLender Services, LLC ("eLender Services"), Russell Biszantz ("Biszantz"), Mark Russell ("Russell"), Dana Wombles ("Wombles"), and Does 1to 10 in the United States District Court for the Central District of California, Southern Division. U.S. Bank's claims against eLender, Russell, Wombles, and Biszantz included intentional misrepresentation; negligent misrepresentation; negligence; breach

1

of contract; breach of implied covenant of good faith dealing; breach of fiduciary duty; constructive fraud; unjust enrich; conversion; and violation of California Penal Code § 496(c). Plaintiff sought $1,195,652.55 in compensatory damage, treble damages under California Penal Code § 4969(c), and punitive and exemplary damages.

In April of 2010, Plaintiffs ("the Gibbs") filed a complaint in the Western Division of the Eastern District of Arkansas regarding the refinancing of their home. On June 24, 2010, they filed their second amended complaint ("Gibbs lawsuit") naming Primelending, Stewart Title Guaranty Company, eLender Services, eLender Escrow, Netco, Inc., Shelley A. Hickson, Lawyers Title of Nevada, Amy Tueckes, Corinthian Title Company, Commonwealth Land Title Co, Russell, Biszantz, and Jeffery H. Brown, Netco Title, Inc, and Stephanie Drye as defendants. The Gibbs based jurisdiction upon a federal question pursuant 28 U.S.C. § 1331 and brought claims of violations of 12 U.S.C. § 2607(a), fraud, negligence, negligent training, retention and supervision, civil conspiracy, acting in concert, and breach of fiduciary duty.

On October 25, 2010, U.S. Bank's lawsuit in California was "inactivated statistically." On December 8, 2010, U.S. Bank moved to reopen the case to amend its complaint and transfer the lawsuit to Arkansas pursuant to 28 U.S.C. § 1406(a). On January 24, 2011, U.S. Bank filed its first amended complaint and the case was transferred to the Eastern District of Little Rock.

U.S. Bank's amended complaint ("U.S. Bank's lawsuit") added Defendants PrimeLending, Jeffrey Brown, Netco, Inc., Netco Title, Inc., Stewart Title Guarantee Company, Shelly Hickson, Lawyers Title of Nevada Inc., Amy Tueckes, Commonwealth Land Title Company, Corinthian Title Company Inc., Brian Kelly, and CommerceWest Bank and brought claims of intentional misrepresentation, negligent misrepresentation, negligence, breach of

contract, breach of implied covenant of good faith and fair dealing, breach of fiduciary duty, constructive fraud, unjust enrichment, conversion, violation of California Penal Code § 496(c), negligent misrepresentation, negligence per se, reformation, promissory estoppel, intentional misrepresentation/deceit/fraud, intentional misrepresentation/deceit/fraud, negligent hiring and supervision, conspiracy to commit fraud/deceive, aiding and abetting/acting in concert, and declaratory relief. Plaintiff based jurisdiction upon diversity pursuant to 28 U.S.C. 1332, 12 U.S.C. § 2614, 28 U.S.C. § 1331, and 28 U.S.C. § 1367.

On March 21, 2011, the Gibbs and U.S. Bank filed a Joint Motion to Consolidate Cases contending that the pretrial procedures and motions would be identical in each case which had common questions of law and fact and that the cases should be consolidated in the interest of judicial economy. On July 12, 2011, the Court found that the two cases involved common questions of law and facts and consolidated the cases for administrative purposes. The cases were not consolidated for purposes of trial.

On November 21, 2011, this Court granted PrimeLending's Federal Rule of Civil Procedure 12(b)(6) Motion to Dismiss filed in the U.S. Bank's lawsuit and dismissed all of U.S. Bank's claims against PrimeLending including a breach of contract claim based upon a contractual indemnity clause contained in the Broker Lending Agreement.

On January 18, 2012, the Gibbs filed a Motion for Leave to file a Third Amended Complaint seeking permission to add U.S. Bank as a party defendant in the Stewart Title breach of contract claim and, in the alternative, to have U.S. Bank held liable for its action which caused damage to Plaintiff. The Plaintiffs also sought to amend to seek an alternate declaratory judgment to determine the enforceability of the promissory note and mortgage the Gibbs had

given to U.S. Bank.

PrimeLending objected to the Gibbs being allowed to bring U.S. Bank into the Gibbs' lawsuit predicting that U.S. Bank would attempt to resurrect its previously dismissed claims in the U.S. Bank lawsuit by means of cross-claim against PrimeLending in the Gibbs' lawsuit.  The Court allowed the Third Amended Complaint, but stated that the claims against PrimeLending previously dismissed with prejudice in the U.S. Bank lawsuit could not be resurrected by U.S. Bank via a cross claim against PrimeLending in the Gibbs' lawsuit.

Nonetheless, on April 6, 2012, U.S. Bank filed a breach of contract cross claim against PrimeLending based upon the contractual indemnity clause contained in the Broker Lending Agreement.

PrimeLending now seeks to dismiss the cross-claim arguing that U.S. Bank's claims against it have been previously asserted and dismissed with prejudice resulting in U.S. Bank failing to state a claim.   U.S. Bank contends that the its cross-claim against PrimeLending in the Gibbs' lawsuit is not the same as the dismissed claim against PrimeLending in the U.S. Bank lawsuit.  After reviewing the claim in the U.S. Bank lawsuit and the Gibbs' lawsuit, the Court finds that they are the same.

Moreover, even if they were not the same claims, the indemnity clause, at issue, agrees to indemnify U.S. Bank for any losses arising out misrepresentation made by PrimeLending or any breach of any representation or warranty made by PrimeLending.  The Gibbs' claims against U.S. Bank are based on U.S. Bank's breach or alleged negligent actions not PrimeLending's.  Based upon this reasoning, U.S. Bank has failed to state a claim.

PrimeLending's Motion to Dismiss Cross Complaint is granted (#152). The claims are dismissed with prejudice.

IT IS SO ORDERED THIS __8__ day of __June__, 2012.

_/s/ James M. Moody_
James M. Moody
United States District Judge